| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>AGNES MARIE MERCADO AVILÉS<br><br>Peticionarios | KLCE202400790 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso núm.:<br>ISCR202300575 al 577<br>ISCR202300815<br><br>Sobre:<br>Art. 6.22 Ley 168,<br>Art. 401 Ley 4,<br>Art. 404 A Ley 4 y<br>Art. 6.05 Ley 168 |
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>REY ADRIÁN RODRÍGUEZ GAUD<br><br>Peticionarios | | Caso núm.:<br>ISCR202300578 al 580<br>ISCR202300816<br><br>Sobre:<br>Art. 6.22 Ley 168,<br>Art. 401 Ley 4,<br>Art. 404 A Ley 4 y<br>Art. 6.05 Ley 168 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de julio de 2024.

Luego de la correspondiente vista evidenciaria, el Tribunal de Primera Instancia ("TPI") denegó una solicitud de la defensa de suprimir cierta evidencia. Por las razones que se exponen a continuación, en el ejercicio de nuestra discreción, declinamos la invitación de la defensa a intervenir, en esta etapa, con la decisión recurrida.

I.

El Sr. Rey Adrían Rodríguez Gaud (el "Imputado") y la Sa. Agnes Marie Mercado Avilés (la "Imputada"; en conjunto con el

Imputado, los "Imputados") fueron acusados, en lo pertinente, de varios delitos tipificados por la ley de sustancias controladas y la ley de armas.

En febrero de 2024, el Imputado presentó una *Moción de Supresión de Evidencia* (la "Moción"). Alegó que él y la Imputada conducían un vehículo y fueron detenidos por agentes de la Policía, quienes registraron el baúl del vehículo, producto de lo cual ocuparon un arma de fuego, municiones y sustancias controladas. La Imputada se unió a la Moción.

Luego de que el Ministerio Público consignara su postura respecto a la Moción, el TPI celebró una vista evidenciaria el 20 de mayo, en la cual se admitieron, entre otros, varias fotografías, y en la cual declaró el sargento Agdel Torres Román (el "Sargento").

Mediante una Resolución notificada el 10 de junio, el TPI denegó la Moción. El TPI reseñó que, de conformidad con lo declarado por el Sargento, a cuyo testimonio el TPI le otorgó "entera credibilidad", el Sargento, desde la vía pública, observó que la Imputada le entregó al Imputado "un rifle color negro", ello al lado de un vehículo de motor. Declaró el Sargento que, al arrestar a los Imputados, observó que, dentro del vehículo, en la parte del *dash*, había una bolsa plástica transparente que contenía varias bolsas con aparente cocaína y marihuana. El TPI concluyó, sobre la base de lo anterior, que el registro no fue ilegal, pues surgían a simple vista los motivos fundados para ocupar la evidencia en controversia.

Inconformes, el 10 de julio, los Imputados presentaron el recurso que nos ocupa. Sostienen que el testimonio del Sargento es "estereotipado", "inverosímil [e] inherentemente irreal e improbable". Arguyen que dicho testimonio estuvo "bien distanciado de la realidad fáctica que surgía de [ciertas] fotografías" que se presentaron en la vista. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

### III.

Considerados los factores de la Regla 40, *supra*, hemos determinado, en ejercicio de nuestra discreción, denegar el auto solicitado. No es aconsejable nuestra intervención en esta etapa de los procedimientos, lo cual dilataría innecesariamente la solución final de este caso. Regla 40(E) y (F) de nuestro Reglamento, *supra*.

Resaltamos que, luego del correspondiente juicio, y si les resultase adverso el fallo, los Acusados estarán en libertad de reproducir su planteamiento de error en apelación, por lo que tampoco estamos ante una situación en la que se requiera nuestra intervención, en esta etapa, para evitar un fracaso de la justicia. Véase Regla 40(G) de nuestro Reglamento, *supra.*

### IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones